# LOUIS WILHELM

## *v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. CONTINUANCE — *absence of witness.* An affidavit for a continuance, in a criminal case, on account of the absence of a witness who resides in another State, should state the facts upon which the affiant bases his belief that the attendance of such witness can be procured at a subsequent term of court, so that the court may see the reasonableness of the grounds for such belief.

2. An affidavit which does not state that the facts expected to be proved by the absent witness are true, nor that the witness was present at the time of the transaction about which he is expected to testify, and an observer thereof, is not sufficient to entitle a defendant in a criminal case to a continuance.

3. JURORS — *challenging array.* A mere irregularity in drawing the jury, where no positive injury is shown to have been done the accused, is not sufficient cause to sustain a challenge to the array.

4. JURY — *withdrawing in charge of an officer not specially sworn, during progress of trial, not error.* Where, during the progress of a trial of a criminal case, and before the evidence is all heard, the jury withdraw for a short time, for a necessary purpose, in charge of an officer of the court, but who is not specially sworn for that purpose, no objection being made by the

Opinion of the Court.

defendant, and the jury are not tampered with, nor subjected to any improper influences, the defendant has no cause of complaint.

5. Practice—*time to object to evidence.* If a party sits quietly by, and permits incompetent evidence to be given to the jury, he can not, for the first time, make the objection in this court.

Writ of Error to the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Mr. William Winkelman, for the plaintiff in error.

Mr. Justice Scholfield delivered the opinion of the Court:

Plaintiff in error was convicted, at the January term, 1874, of the St. Clair circuit court, of the crime of an assault with intent to murder one Xavier Schoenstein, and sentenced to be punished by confinement in the penitentiary for the term of four years. Various exceptions were taken to the rulings of the court below, during the progress of the trial, which are now assigned for error. We shall notice them in the order in which they are discussed in the briefs before us.

On the fourth Friday of the term, plaintiff in error moved to continue the cause until the next April term of the court, and, in support of the motion, filed his own affidavit as follows, omitting the caption:

"Louis Wilhelm, the defendant in the above cause, being duly sworn, upon his oath, says: That he can not safely proceed to the trial of this cause at this term of court, on account of the absence of Philip Grummel, who resides on Carondelet avenue, in the city of St. Louis, Missouri, and who is a material witness for and on behalf of this defendant in said cause; that he expects to prove by said Grummel that, just before and at the time Xavier Schoenstein received the injury complained of in said indictment, this defendant was at his own house, and not near to nor about the premises where said Schoenstein received said injury, and that this defendant is innocent of the charges against him in said indictment; that, just before and at the time said Schoenstein received the injury

complained of in said indictment, said Grummel was at the house of this defendant.

"Defendant further says: That said indictment in this case was found at this term of this court, and returned into court by the grand jury, on the 9th day of January, A. D. 1874; that, on said 9th day of January, A. D. 1874, this defendant was arrested and lodged in the jail of this county, where he has ever since been, and still is in confinement; that said Grummel has been absent from the city of St. Louis; that he returned on Wednesday last to his home in St. Louis; that this defendant, on Thursday last, ordered and requested his son to go to St. Louis and bring said Grummel over here, and have him present on the trial of said cause, but his said son, contrary to the order and request of this defendant, on said day, Thursday last, telegraphed to said Grummel, at St. Louis, to come over at once, but has received no answer, though he caused due inquiry to be made at the office from which said message was sent; that the fact aforesaid, to be proved as aforesaid, is the point in dispute in this case, and more than one witness will be examined and testify on the part of the people.

"Defendant knows of no other person or persons except said Grummel, and one other witness now here present in court, by whom he can prove said facts expected to be proved as aforesaid; that said defendant expects to procure the testimony of said Grummel at the next term of this court.

"Defendant is anxious to have said Grummel present as a witness on the trial of this cause, and did everything in his power to have him here; that said Grummel is not absent by permission or connivance of this defendant, and that this affidavit for continuance is not made for delay, but that justice may be done.

"G. L. WILHELM.

"Subscribed and sworn to before me, this 30th day of January, 1874.    "CHARLES BECKER, *Clerk.*

"By GEORGE H. STOLBERG, *Deputy.*"

The court held the affidavit to be insufficient to authorize a continuance, and overruled the motion; and this, it is claimed,

was error.   We think the affidavit was clearly insufficient, and the motion was properly overruled.   It is not stated that the facts expected to be proved by Grummel are true, or that he was actually present at the time, and an observer of the transaction, but merely that he expects to prove by him that he was present, etc; nor are any facts given as the grounds why the attendance of the witness might have been expected at the April term.   The witness being a non-resident, this was indispensable, in order that the court could see the reasonableness of those grounds; for it would have been useless to have continued the cause unless there was a reasonable probability that the witness would be present at the time to which the cause was continued.   *Eubanks* v. *The People*, 41 Ill. 486.

It is next insisted that the court should have sustained the challenge to the array of the petit jury.   Even if the attempt to make this challenge had been in apt time, and interposed in proper form, which we do not concede, the irregularity complained of is not such as to authorize a reversal.   It is not shown that any positive injury was sustained by the plaintiff in error in consequence of the refusal of the court to quash the panel, and we have heretofore held, under the law pursuant to which this jury was selected, that a mere irregularity in drawing the jury, where no positive injury is shown to have been done the accused, is not sufficient cause to sustain a challenge to the array.   *Mapes* v. *The People*, 69 Ill. 523.

During the progress of the trial, and before the evidence was all heard, the jury withdrew for a short time, for a necessary purpose, in charge of an officer of the court, but who was not specially sworn for that purpose.   No objection was made to this by the plaintiff in error, at or before the time, nor did he give his express consent thereto.

This, it is insisted, was error, and *McIntyre* v. *The People*, 38 Ill. 514, and *Lewis* v. *The People*, 44 id. 453, are cited to sustain the position; but in those cases the jury had retired to consider of their verdicts, and were not accompanied by a sworn officer as required by the 189th section of the Criminal Code, and the decisions are predicated on the language of that sec-

tion. It, however, has no application to cases where the jury retire, as in the present case, before the evidence is all in, and there can be found no common law authority that will sustain the objection.

It is not claimed that the jury, while absent, were tampered with, or subjected to any improper influences, and as the plaintiff in error suffered no injustice by this action of the court, he has no cause of complaint.

It is finally objected that several witnesses gave their evidence through an interpreter, and the record fails to show that he was sworn. The record also fails to show that any objection was made to the evidence, at the time, by the plaintiff in error, on this account. Had the objection been interposed, if he was not in fact sworn, it could and would then have been obviated. The principle is too well settled to require argument or citation of authorities, that a party who sits quietly by and permits incompetent evidence to be given to the jury, can not, for the first time, make the objection here.

Several other errors are assigned on the record, but they are trivial in character, and were abandoned on the argument. It is not deemed necessary to further notice them.

We are unable to discover any error in the record, and the judgment is therefore affirmed.

*Judgment affirmed.*