45  405
82  166

R. J. Grier, Executor,

v.

C. M. Cable.

*Negotiable Instruments—Action Against Guarantor—Consideration —Presumption of Law.*

1. In order to establish a binding undertaking of guaranty against a third party who indorses as guarantor of a note after the note has been executed and delivered to the payee, a new and sufficient consideration for the guaranty must be shown.

2. Where an indorsement is without date, the presumption is that it was made simultaneously with the execution and delivery of the note, and was with consideration. This presumption may be rebutted by proof that it was made after the delivery of the note, and the burden will then be on the plaintiff to show express consideration.

[Opinion filed December 12, 1892.]

In error to the Circuit Court of Warren County; the Hon. John J. Glenn, Judge, presiding.

Mr. R. J. Grier, *per se.*

Messrs. J. H. Connell, J. H. Hanley and G. B. Morgan, for defendant.

Mr. Justice Harker. This was a suit by the plaintiff in error as executor, against the defendant in error as guarantor of a note, given by H. L. Cable to Sarah Lafferty in her lifetime.

The following is a copy of the instrument sued on:
" $952.10.                                Dec. 24, 1886.

One year after date I promise to pay to the order of Mrs. Sarah Lafferty, nine hundred fifty-two and 10-100 dollars at 6 per ct. Value received.

H. L. Cable."

(Endorsed on back:)

" I guarantee payment of within note at maturity.

C. M. Cable."

A jury was waived, and on a trial had by the court there was a judgment entered in favor of the defendant in error. The only frictional question in the controversy is whether the guaranty was without consideration.

We find from the evidence in the record that Sarah Lafferty loaned H. L. Cable $1,325 in 1880, and received from him an interest-bearing note with C. M. Cable as security; that after payment had been made from time to time the note was canceled and a new one executed for the balance in 1884; that the second was canceled and a third executed in 1885, and that the note sued on was executed for the balance due on the one executed in 1885. We further find that when the last settlement was had between Sarah Lafferty and H. L. Cable, he told her the defendant in error had refused to indorse for him longer, and would not indorse the note that was then executed; that with this information she continued the loan and accepted the note sued on, but that on the evening of the same day, or shortly afterward, defendant did indorse and sign the guaranty above quoted. Sarah Lafferty died in November, 1887, and plaintiff in error was appointed executor of her will. If the testimony of H. L. Cable, the maker of the note, is to be believed, then the note was executed and delivered and the contract complete before defendant in error indorsed as guarantor. The court evidently believed this witness, and we think was warranted in so doing. In order to establish a legal and binding undertaking of guaranty against a third party who indorses as guarantor after the note has been executed and delivered to the payee, a new and sufficient consideration for the indorsement must be shown. Where the indorsement is without date the presumption is, of course, that it was made simultaneously with the execution and delivery of the note, and was with consideration. The presumption, however, is rebutted by proof that it was made after the delivery of the note, and the burden is then on the plaintiff to show an express consideration. 2 Parsons on Notes and Bills, 126; Klein v. Currier, 14 Ill. 237. It is contended by plaintiff in error that a sufficient consideration for the guaranty existed in the fact that

defendant in error had guaranteed payment of the previous notes. The notes previously executed had been surrendered and canceled. The liability of defendant in error had been extinguished thereby, and Mrs. Lafferty accepted the note sued on with the information from the maker that defendant in error would not guarantee its payment. It was necessary for the plaintiff in error, under the circumstances, to make proof of other facts by way of consideration than that the defendant in error had guaranteed the payment of other notes.

The judgment should therefore be affirmed.

*Judgment affirmed.*