Evans v. Marden.

Memorandum.—Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding.   Heard in this court at the March term, 1894, and affirmed.   Opinion filed July 2, 1894.

B. M. Shaffner, attorney for appellant.

E. W. Adkinson, attorney for appellee.

---

## Fred T. Evans v. Orson S. Marden.

1.   Continuances—*Statements in Affidavits.*—A statement in an affidavit for a continuance, that it is expected to prove by the absent witness what some one ought to have known about the transaction involved, is not a sufficient statement of particular facts required by the statute, and variant from the established law of evidence.

2.   Same—*Allegations of the Affidavit Taken Most Strongly Against the Mover.*—As in the case of a pleading, all intendments must be taken against an affidavit for a continuance; and for the purpose of passing

upon its sufficiency it can not be assumed that the witness will testify to anything more than the affidavit states in its least favorable view to the party making it.

3. SHORT CAUSE CALENDAR—*Discretion as to Cases Taking More Than an Hour.*—The statute concerning the short cause calendar makes it discretionary with the trial court to stop the trial at the expiration of one hour, or to proceed with the trial to final judgment. It must be an extreme case when a court of review will interfere with the discretion of the trial court in such a matter.

**Memorandum.**—Assumpsit for services. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed July 2, 1894.

HENRY W. MAGEE, attorney for appellant.

WEIGLEY, BULKLEY & GRAY, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

Marden, the appellee, brought his suit in assumpsit against the appellant and the South Dakota Hot Springs Company for services as manager of the "Hotel Evans" at Hot Springs, South Dakota. Evans, the appellant, was president of the hotel company, and seems to have controlled the corporation.

Whatever the contract may have been, it was made between Evans, acting either for himself or the corporation, and Marden. At first the arrangement seems to have been that Marden should operate the hotel as proprietor, but the final arrangement was that he should act as manager merely.

The suit was to recover what his services were reasonably worth.

At the close of the evidence the appellee dismissed the cause as to the hotel company, leaving the appellant the sole defendant, and a verdict was rendered against him alone.

When the cause was dismissed as to the hotel company, the appellant interposed a motion for a continuance of the cause on the ground of surprise by the amendment, which motion was overruled, and the court proceeded to instruct the jury.

In support of his motion for a continuance the appellant's counsel presented his affidavit for a continuance, under Section 26 of the Practice Act, relating to continuances after amendments.

The material part of that affidavit is that the affiant, as attorney for appellant, had tried the cause "upon the belief that no valid judgment could be obtained against the said Fred T. Evans and the said South Dakota Hot Springs Company jointly, by reason of the statements to affiant that there was no joint liability whatsoever, but that the liability, if any, in this cause, was on the part of the said South Dakota Hot Springs Company," and that in consequence of said amendment "he is unprepared to proceed to or with the trial of the cause at this term of court, by reason of his inability to now obtain the testimony of the defendant, Fred T. Evans, upon the present trial of this cause; that he expects to prove by the evidence of Fred T. Evans, the defendant, that the said defendant is not indebted in any sum whatsoever to the plaintiff; that the plaintiff knew or ought to have known that all his transactions in reference to the Hotel 'Evans' with the plaintiff were made by him as president of the hotel company, and not as an individual; that the said plaintiff had access to the hotel books, and knew or ought to have known that the said hotel was being operated by the hotel company and was owned by them, and was not owned or operated by this defendant as an individual.

"Affiant further states that he veritably believes he will be able to procure such evidence by the next trial of this cause.

"Affiant further states that he had hoped to have the said Fred T. Evans personally present at the trial of this cause, and believes he can so have him if this cause shall be tried in its regular order on the calendar of this court; that affiant has been informed by the said Fred T. Evans that he, Fred T. Evans, was not indebted to the plaintiff herein in any sum whatsoever."

A statement in an affidavit for a continuance, that it is

expected to prove by the absent witness what some one " ought to have known" about the transaction involved, is far from the statement of particular facts required by the statute, and is widely variant from the established law concerning evidence.

As in the case of a pleading, all intendments must be taken against the affidavit, and for the purpose of passing upon its sufficiency it can not be assumed that the witness would testify to anything more than the affidavit states in its least favorable view to appellant.   State v. Eisenmeyer, 94 Ill. 96.

So construed, the affidavit only states that the appellant, who was the absent witness, would, if present, testify that the appellee ought to have known that the transactions were made with the appellant as president of the hotel company, and not with him as an individual.   Such testimony would not be admissible if offered.   There was no error in refusing the continuance.

This cause was placed on the " short cause calendar " of the Circuit Court and occupied in its hearing several hours, instead of one hour.

The appellant made objection to the cause being placed on that calendar, on the ground that it would occupy more than an hour, and repeated his objections at various stages of the trial after the fact of occupying more than one hour had occurred.

The statute concerning the short cause calendar makes it discretionary with the trial court to stop the trial at the expiration of one hour, or to proceed with the trial to final judgment.

While it may be that appellant's counsel relied upon his knowledge that the cause contained features and questions which rendered it impossible of trial within one hour, and believed that the court would stop the trial as soon as the fact clearly developed, and therefore did not call upon his client, who lived at a great distance, to be present when the cause was reached for trial, we can not say that he had any strict legal right to so rely and believe.

He must be chargeable with notice of the other fact, that

the court might in its discretion proceed with the trial to a final judgment, even though more than one hour was required.

As we have lately said, in Hettinger v. Beiler, 54 Ill. App. 321, " it must be an extreme case when a court of review will interfere with the discretion of the trial court in such a matter."

Upon the real merits there does not seem to be much question but that the jury, by their verdict, were as regardful of the rights of the appellant, as, in justice, he could have expected.

There was ample evidence tending to show that he alone was the party against whom a recovery should be had, and the verdict was for less than one-half the amount that the evidence on the part of the appellant tended to establish as a reasonable compensation.

The refusal of the court to give appellant's instructions, numbered five to eleven, is assigned for error, but we think there was no error in so doing.

The fourth instruction given for the appellant was as follows :

" The court instructs the jury that if you believe from the evidence that the defendant, Fred T. Evans, was acting in the capacity of president of the company, and not as an individual, and that no services were rendered to the said Fred T. Evans as an individual by the plaintiff, nor any agreement to pay therefor by him, then you will find for the defendant."

That instruction embodied the same principle announced in the refused instructions, in different words, and it was not necessary that it should be repeated.

Upon the entire record the judgment was right, and it will be affirmed.