Board v. O'Donovan.

---

### James L. Board v. Marie O'Donovan.

1. AFFIDAVIT—*For Continuance—To be Taken Most Strongly Against
the Mover.*—All intendments are to be taken against an affidavit for a
continuance, and it can not be assumed that a witness would testify to
anything more than the affidavit states.

2. PRESUMPTIONS—*As to When Indorsements Are Made.*—In the
absence of evidence tending to show when indorsements on a note by a
third party were made, the presumption is that they were made simul-
taneously with the execution of the note, and for a consideration.

Assumpsit, on a guaranty. Trial in the Superior Court of Cook
County; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judg-
ment for plaintiff; appeal by defendant. Heard in the Branch Appellate
Court at the March term, 1899. Affirmed. Opinion filed April 11,
1899.

JOSIAH CRATTY and OSCAR P. BONNEY, attorneys for appel-
lant.

The note and the guaranty are distinct contracts. Abbott
v. Brown, 131 Ill. 108; Columbian Hardwood Lumber Co.
v. Langley, 51 Ill. App. 100.

The signature of a third party on the back of a note in
the hands of the payee, is presumptive evidence that it was
placed there as a guarantee at the time of the execution of
the note. Kankakee Coal Company v. Crane Bros., 138
Ill. 207.

It was therefore material that appellant should show to the contrary, and the facts and circumstances shown by the affidavit for continuance would have tended to prove appellant's contention under his special plea in that regard. Where a note is indorsed in blank by a third person before delivery, the contract of the indorser is presumed to be that of a guarantor, not that of a joint promisor or surety. DeWitt Co. National Bank v. Nixon, 125 Ill. 615; Kingsland v. Koeppe, 137 Ill. 344; Ryan v. First Nat. Bank, 148 Ill. 349.

Where a guarantor signs before or at the time of delivery he is legally presumed to adopt the consideration of the note as the consideration for his undertaking, and no independent consideration is necessary. Carroll v. Weld, 13 Ill. 682; Klein v. Currier, 14 Ill. 237; Rich v. Hathaway, 18 Ill. 548; Parkhurst v. Vail, 73 Ill. 343.

CLARK & CLARK, attorneys for appellee.

An affidavit for a continuance is like a pleading; it is to be construed, when equivocal or uncertain, most strongly against him who offers it. Slate v. Eisenmeyer, 94 Ill. 96; Dacey v. People, 116 Ill. 555; Evans v. Marden, 54 Ill. App. 291.

Where the testimony of the witness will be material only in connection with certain facts, these facts should appear from the affidavit, so that the materiality of the testimony may be apparent to the court. Bailey v. Hardy, 12 Ill. 459; Updike v. Henry, 14 Ill. 379.

An affidavit for a continuance must show that the witness was not absent by the procurement or consent of the party applying for the continuance. Crews v. The People, 120 Ill. 317.

It must show the place of residence of the witness, so that the court can determine the diligence of the party in securing his attendance or obtaining his deposition, and also determine whether there will be any probability of the attendance of the witness, if the case is continued, or of securing his deposition.

The affidavit for a continuance of this cause was insufficient. It does not state the residence of the witness, neither positively nor by any fair inference. This is indispensable as connected with his identification and diligence in obtaining his attendance. Lee v. Quirk, 20 Ill. 392; Trask v. People, 151 Ill. 527.

Mr. Presiding Justice Freeman delivered the opinion of the court.

Appellant is sued as guarantor of a promissory note. A motion for continuance was made, supported by affidavit, which set forth as one of his defenses that he placed his name on said note without any good or valuable consideration therefor; that one Ludwig, a material witness, was absent on account of sickness; that if present said witness would testify that the payee of the note at the time of the making of the loan stated that he was satisfied with the note, and did not desire any indorsement thereon or other security; that the signature of appellant was not placed on the note at the request of the payee; that the money for which the note was given was advanced and delivered to the maker "a day or longer before said Board placed his name upon the note given for said loan."

We are told that the court erred in overruling the motion for a continuance, based on the affidavit.

It is conceded by appellant's counsel that where a stranger indorses a note in blank, in the absence of an agreement or understanding to the contrary between the parties, the law raises an implied promise of guaranty. But the plea, it is said, sets up an agreement which negatives such implied promise, and the testimony of the absent witness would have tended to establish such agreement.

The plea states that the consideration for the note was money loaned by the payee to the Lake Shore Foundry Co., the maker, which was received by said maker before the note was given, with an agreement that the payee would take the note without the indorsement of appellant, and that appellant afterward indorsed the note without consideration.

The testimony of the absent witness, if in accord with the affidavit for continuance, would not have tended to sustain the material averments of the plea, namely, an agreement by the payee to accept the note without indorsement, that the indorsement was without consideration, and that it was placed upon the back of the note at a time subsequent to the execution. It is said the witness would testify that the money was " loaned, advanced and delivered * * * a day or longer before said Board placed his name upon the note." That may very well be, and yet the execution of the note by the maker and the indorsement by appellant have occurred as parts of one and the same transaction. The plea states that the money was received by the foundry company before the note itself was given.

The affidavit was not sufficient. All intendments must be taken against the affidavit, and it can not be assumed that the witness would testify to anything more than the affidavit states. Evans v. Marden, 54 Ill. App. 291–294; Slate v. Eisenmeyer, 94 Ill. 96–101.

In the absence of evidence tending to show when the indorsement by a third party was made, the presumption is that it was simultaneous with the execution and delivery of the note and for a consideration. Grier v. Cable, 45 Ill. App. 405; Kankakee Coal Co. v. Crane Bros. Mfg. Co., 138 Ill. 207, 208; Joslyn v. Collinson, 26 Ill. 62, 73 Ill. 343 and many other cases.

The judgment of the Superior Court is affirmed.