## Sherman Lichliter v. Hattie Russell.

1. PRACTICE—*When a Motion for Continuance Becomes a Part of the Record.*—A motion for continuance does not become a part of the record until made so by the bill of exceptions.

2. SAME—*Construction of Sec. 56 of the Practice Act.*—Before the ruling on a motion for continuance can be examined in an Appellate

Lichliter v. Russell.

Court, a motion for a new trial must be made, where the particular points relied upon can be set forth in writing, as provided by Sec. 56 of the Practice Act, and if not fully set forth, the points omitted are to be regarded as waived.

2. SAME—*What Affidavit for Continuance Must Show.*—In an affidavit for continuance, where the testimony which it is claimed the absent witnesses would give, is relied upon as a defense, the affiant should give assurance of his own faith in the testimony, and wherein he expects it would aid him, before asking a continuance of the case to secure it.

Assumpsit, for a breach of promise of marriage. Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the August term, 1899. Affirmed. Opinion filed March 16, 1900.

R. J. McELVAIN and J. M. HERBERT, attorneys for appellant.

JAMES H. MARTIN, attorney for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

Appellee sued appellant in an action of assumpsit, for a breach of promise of marriage, aggravated by seduction, and recovered a judgment for $1,000 damages, and appellant, who was the defendant below, has brought the case here and has assigned a number of errors on the record, all of which, except one, are embraced in the reasons given in the motion for a new trial in the court below. The excepted error challenges the correctness of the ruling of the Circuit Court in denying appellant's motion for a continuance of the cause, at the term at which the case was tried. Upon the assignment of error counsel for appellee make the point that inasmuch as appellant, by his motion for a new trial, which was in writing, did not include in it as a reason why the verdict should have been set aside and a new trial awarded, the alleged error of the court in overruling appellant's motion for a continuance, that the error, if such it was, was waived by the defendant below, and that it is too late to raise the question for the first time in this court.

The motion was not made until the case was called for

trial, and hence the ruling on it became a substantial part of the trial; and before it can be said the court erred in its ruling on the motion, it must have been given a chance to correct itself, the same as it has in its rulings on the admission or rejection of evidence, and in giving and refusing instructions.

The motion did not become a part of the record until made so by the bill of exceptions, and the ruling on it is unlike the rulings on demurrers to declarations, pleas, replications, etc., which are a part of the record itself, and before the ruling can properly be re-examined in an Appellate Court, a motion for a new trial must be made, where the particular points relied upon can be set forth in writing, as provided by Sec. 56 of the Practice Act; and if not fully set forth, the points omitted are regarded as waived. Miller v. Rigley, 19 Ill. App. 306; Clause v. Bullock Printing Press Co., 20 Id. 113; Consolidated Coal Co. v. Schafer, 31 Id. 364; McGure v. Campbell, 58 Id. 188.

We have, however, looked into the affidavit for a continuance and find it defective. The affiant does not state in it that what he expects to prove by the absent witnesses is true, or that he believes it to be true, and in a case of this character, where the testimony which it is claimed the absent witness would give is relied upon as a defense, it is not too much to say that the affiant should give assurance of his own faith in the testimony and wherein he expects it would aid him, before asking a continuance of the case to secure it. Wilhelm v. People, 72 Ill. 468.

This is not a prosecution for bastardy, as the affiant seems to have assumed it to be.

The affidavit shows that the witness was probably evading service of a subpœna and yet the subpœna seems to have been kept by appellant from the time it was issued, which was May 8, 1899, until the trial began, which was on the 29th of the same month, and never was delivered to an officer for service although directed to the sheriff of the county. Such act and omission, instead of showing diligence, shows a lack of diligence.

The court did not err in overruling defendant's motion to continue the case.

Objection is made to the giving of appellee's first instruction, which is as follows:

"The contract of marriage, like any other contract, may be proved by circumstances as well as by direct or positive evidence. An express promise is not necessary and a general engagement to marry may be inferred from the conduct and social relations of the parties, where the facts proved warrant, and where the promise is denied by the defendant, all the facts and circumstances, prior as well as subsequent to the time of the alleged promise, which tend to show a promise that have been proved, if any, may be considered in arriving at the question of a promise to marry."

The only criticism made of the instruction is as to the words "general engagement," which counsel for appellant claim are "outside the pleadings." The declaration contains but one count, the substance of which is, after giving date and venue, that in consideration that the plaintiff, being then unmarried, had promised the defendant to marry him, at his request, the defendant promised the plaintiff to marry her at her request.

The declaration was not demurred to and we are of opinion that the instruction is quite inside of it, and that the error is not well assigned. Blackburn v. Mann, 85 Ill. 222; Rockafellow v. Newcome, 57 Ill. 186.

The jury seem to have been well instructed especially on behalf of the defendant, and he has no reason to complain in that respect.

The principal complaint made by appellant in regard to the verdict is that it is against the weight of the evidence.

It must be admitted that the evidence establishing a contract of marriage is not as clear and convincing as could be desired, but there was evidence before the jury on which to base their verdict, and we do not feel justified in setting it aside merely because we might, if sitting as jurors, have found differently from what the jury found, and as the damages are not and can not well be complained of as excessive, the judgment is affirmed.