## People ex rel. Minnie C. Duhr, Appellee, v. Charles Gasner, Appellant.

### Gen. No. 14,996.

1. CONTINUANCES—*how affidavit for, construed*. An affidavit for a continuance, like a pleading, is to be construed most strongly against the party presenting it.

2. CONTINUANCES—*when affidavit predicated upon absence of witness insufficient*. An affidavit wherein the affiant merely asserts his expectation or opinion in respect to procuring the presence of an absent witness at the next term of court is not sufficient; the law requires the affidavit to set forth the facts upon which the expectation is based that the witness will be present or that his attendance will be procured.

3. CONTINUANCES—*what affidavit predicated upon absent witness should show*. In such an affidavit the affiant should state that what he asserts the absent witness will testify to is the truth or that he believes it to be the truth.

4. CONTINUANCES—*what affidavit predicated upon absent witness should show*. Such an affidavit is insufficient if diligence does not appear from the facts sworn to.

5. BASTARDY—*when verdict sustained*. Notwithstanding the evidence might justify a determination that another than the defendant was the father of the bastard child, yet the jury having found the other way, the verdict if supported by the evidence will not be disturbed, as the jury, in such cases, are, by statute, made the judges of the credibility of the witnesses.

Bastardy proceeding. Appeal from the Criminal Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed December 7, 1909.

COBURN & CASE and LOUIS GREENBERG, for appellant.

No appearance by appellee.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Defendant had a trial by jury in the Criminal Court of Cook county and a verdict was returned that he was the father of Minnie Duhr's bastard child born September 30, 1907. The trial judge rendered judgment

upon the verdict. This appeal is to procure the reversal of that judgment.

The state's attorney, on behalf of The People, appellee, has rendered no assistance to this court by the filing of a brief.

Appellant assigns for error the overruling of a motion for a continuance. The motion was made upon the statutory ground of the absence of material evidence, under section 62 of the Practice Act. Had the affidavit filed in support of the motion been sufficient the presiding judge would have had no discretion but would have been obliged to grant the continuance. The affidavit, however, is, in many respects, insufficient. An affidavit for a continuance, like a pleading, is to be construed most strongly against the party presenting it. See Board v. O'Donovan, 82 Ill. App. 163, and the authorities there cited. The affidavit states the conclusion or opinion of the affiant that if further time be given, "the place of residence or business" of the absent witness "can be ascertained" and that affiant expects to procure the testimony of the absent witness at the next term of court. Under the law an affidavit wherein the affiant merely asserts his expectation or opinion, in respect to procuring the presence of an absent witness at the next term of court, is not sufficient. The law requires the affidavit to set forth the grounds—the facts—on which the expectation is based that the witness will be present or that his attendance will be procured. Dacey v. People, 116 Ill. 555, 567; Wilhelm v. People, 72 Ill. 468, 471. "It would be erroneous to grant a continuance unless there was a reasonable prospect of obtaining the desired evidence at some future time." Richardson v. People, 31 Ill. 170, 173. By the presentation of the facts to him, the trial judge must be given an opportunity to exercise his judgment upon the reasonableness of the prospect of the witness' attendance in the future. It is the judge's, not the affiant's, judgment that is to be called into play in determining the question. The affi-

davit filed below states no facts in the respect required. Again, the law requires that the affiant state that what he asserts the absent witness will testify to is the truth or that he believes it to be the truth, which is perhaps all that can, under some circumstances, be required. Metcalf v. Nystedt, 203 Ill. 333, 334; Wilhelm v. People, 72 Ill. 468, 471; Lichliter v. Russell, 89 Ill. App. 62, 64. The affidavit in this record is silent as to the truth, or the affiant's belief in the truth, of what it is asserted the absent witness will testify. Further, it does not appear in the affidavit that the absence of the witness was not by the affiant's own consent; for aught that appears the absence may even have been by affiant's procurement. Such lack is alone sufficient to defeat the application for a continuance. N. C. C. Ry. Co. v. Gastka, 128 Ill. 613, 619. Furthermore, the affidavit does not satisfactorily show proper diligence in endeavoring to procure the presence of the absent witness. Affiant states he had learned of the witness' return to Chicago, from St. Paul, Minnesota, in October, 1907. The trial began February 20, 1908. The affidavit states that *since* February 8, 1908, a subpoena has been *issued* for the witness. The language of the affidavit does not show any effort whatever to serve the subpoena nor does it preclude the idea that the subpoena was not issued until the day of the trial. In this connection see Davids v. People, 192 Ill. 176. Our conclusion is that there was no error in refusing the continuance.

The prosecutrix testified to illicit connection with defendant on December 31, 1906. A child was born to her on September 30, 1907. It appears from the evidence the prosecutrix had illicit connection with a person other than the defendant on December 8, 1906. She testified to having menstruated December 26, 1906. Defendant's attorneys contend that as, under the evidence, it is possible the person with whom prosecutrix had connection on December 8, 1906, may be the father of the child, therefore, in law, the verdict is un-

justifiable, and the judgment erroneous. We cannot agree with that contention. The contention is apparently advanced under a misapprehension of the precise import of the rule sought to be invoked. In another connection this court quoted the rule, supposed to be here available, in the case of Tuthill v. Belt Railway Company, 145 Ill. App. 50, as follows: "There is another rule of the law of evidence which is of the first importance, and is fully established in all the courts, viz.: that where the evidence is equally consistent with either view—with the existence or non-existence of negligence—it is not competent for the judge to leave the matter to the jury. The party who affirms negligence has altogether failed to establish it. That is a rule which ought never to be lost sight of."

The evidence herein is not equally consistent to the effect that either the defendant or the other person may be the father of the child. The two circumstances of length of time and menstruation, although neither may be of conclusive influence one way or the other, justify the verdict of the jury against defendant. While here, as in Pike v. People, 34 Ill. App. 112, there are two possible causes, there are here, different from the situation in that case "circumstances to determine the mind" in favor of the one cause and as against the other. The question was properly left to the jury.

In respect to the square conflict of evidence between the prosecutrix and defendant it is sufficient to refer to the Revised Statutes, chapter 17, section 6, which is as follows: "On the trial of every issue of bastardy, the mother and defendant shall be admitted as competent witnesses, and their credibility shall be left to the jury." By this enactment the legislature has lodged the power of passing upon the credibility of the mother and of the defendant with the jury. The jury did not believe the defendant. No direct attempt was made to impeach the truthfulness and veracity of the prosecutrix.

Complaint is made of the giving of certain instruc-

tions on behalf of The People. We find no material error in those instructions. The judgment will be affirmed.

*Affirmed.*