## John F. Devine, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 17,882.

1. AFFIDAVITS, § 6*—*what should be stated.* Affidavits for the admission of testimony given at a former trial, because of the absence of witnesses, should state facts rather than conclusions.

2. EVIDENCE, § 455*—*when lack of diligence in procuring witnesses is shown.* Where a plaintiff sought to introduce evidence of a witness given at a former trial, because of the absence of such witness, *held* that his failure to make any effort to procure the attendance of such absent witness until the day before the trial showed lack of diligence.

3. EVIDENCE, § 455*—*when evidence given at a former trial is admissible.* Absence of a witness from the State is not ground for admitting his evidence, given at a former trial, unless it is shown that the deposition of such absent witness could not have been procured by the use of reasonable diligence.

4. APPEAL AND ERROR, § 1350*—*what constitutes abuse of discretion.* Abuse of discretion by a trial judge is shown when recognized rules of procedure are ignored, so as to result in substantial injustice.

5. DEPOSITIONS, § 5*—*when may be taken.* A contention that a deposition cannot be taken of a non-resident witness unless he has some residence outside of the State cannot be sustained.

Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed October 14, 1913. Rehearing denied October 28, 1913.

JOHN E. KEHOE and C. LEROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

JAMES C. MCSHANE, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

In the trial of this case, the court, over objection of defendant, admitted in evidence the testimony given

by a witness at a former trial. No effort was made to subpoena him until January 18, 1911, the day before the trial began, and no effort was made to locate him after the latter part of September or the first part of October previous, when it was thought the case would soon be reached for trial, and when he was reported as still living in Chicago. On December 18, 1910, he left Chicago and went to Omaha, Nebraska. On motion for leave to read such testimony, plaintiff's attorney presented his own affidavit and one by the brother of the absent witness. One of the objections relied upon was their failure to show reasonable diligence to procure the attendance or deposition of such witness.

The material matters set forth in the affidavit of the attorney were that on January 18, when it appeared probable that the case would be reached for trial the following day, he sent his representative to subpoena all the witnesses in the case, who reported that said witness had left the State in December; that affiant learned from other sources (not stated) that said witness intended to remain away indefinitely, and that affiant did not know his present whereabouts nor expect to be able to procure his presence or obtain his deposition. Neither the grounds of his expectations nor the facts upon which the conclusion as to the witness' intention was reached were stated. The material parts of the affidavit of Michael McKeown, said witness' brother, were that the latter left Chicago, December 18, 1910, on account of trouble with his wife resulting in his arrest for nonsupport and forfeiture of his bond, and that it was his intention "to remain indefinitely;" that affiant received a letter from his brother, from Omaha, but it did not give the latter's address, and stated he was living under an assumed name (which affiant refused to divulge), and would go elsewhere if he did not secure employment; that he had not heard from his brother since December 27, and did not expect him to return for years, if at all. This affidavit also failed to state any other facts than

before stated, upon which he based his expectations and knowledge of his brother's intention. In stating conclusions rather than facts both were plainly insufficient. *Dacey v. People,* 116 Ill. 555; *Wilhelm v. People,* 72 Ill. 468; *People v. Gasner,* 152 Ill. App. 54. They failed to state facts from which the court could reasonably infer either a timely search in good faith, or inability to procure either the witness' attendance or his deposition. They neither show inability to produce the witness nor that an attempt to find him would have been futile. The value of the rule requiring a statement of facts from which the court may draw conclusions, instead of a statement of affiant's conclusions, is well illustrated in the case at bar. Affidavits in support of the motion for a new trial, one by the absent witness himself, showed that defendant found him immediately after the trial merely by addressing a letter to him at "General Delivery," Omaha, and that he was willing to testify in the case. Had plaintiff resorted to this simple expedient, he might have procured either his attendance or his deposition. At least he could have laid good grounds for a continuance, had he desired it, until the presence or deposition of the witness could have been procured.

Had plaintiff sought a continuance of his case, his failure to make an effort to procure the attendance of the witness until the day before the trial would have been deemed a lack of diligence. *Davids v. People,* 192 Ill. 176; *Bailey v. Kerr,* 180 Ill. 412; *Smith v. Chicago Junct. Ry Co.,* 127 Ill. App. 89. It was no less so in the case at bar. Reasonable diligence required not only an earlier effort to subpoena the witness, but a further effort to locate him so as to obtain his deposition.

But the necessity of an effort to obtain his deposition is questioned. "The more modern tendency is not only to require that the absence offered as a basis for admitting the former evidence should be permanent, but to require further that the party offering the

evidence should show to the satisfaction of the court that he could not by use of reasonable diligence have procured the deposition of the absent witness. Mere absence from the jurisdiction at the time of the trial is a disability by no means equivalent to death, without affirmative evidence that a fruitless search has been conducted in good faith and with due diligence, and that, from ignorance of the witness' whereabouts or other reason, his deposition could not have been taken." 16 Cyc. p. 1098.

And such is the rule in this State. In *Cassady v. School Trustees,* 105 Ill. 560, the Court upheld the rejection of such evidence, saying: "For aught that appears, the plaintiffs in error may have had ample time to take his deposition and thus avail themselves of his testimony at the trial, had they seen proper to do so; and since nothing appears to the contrary, we must presume that such was the case." In *Gruver v. City of Dixon,* 85 Ill. App. 79, the Court, in holding that such evidence was improperly admitted, said: "It does not appear that these witnesses could not have been produced, or their depositions taken to be used upon the trial of this case, and it was therefore improper for the court to admit the report in evidence." In *Illinois Cent. R. Co. v. Ashline,* 171 Ill. 313, the Court, in passing upon the defective form in which testimony of that character was presented for review, clearly intimated the existence of such rule. A different rule may obtain in some other jurisdictions, but in Encyclopedia of Evidence, vol. 5, p. 906, Illinois is referred to as one of the States in which "parties must likewise show due diligence to procure the deposition of the absent witness," and what we recognize as the rule on this subject is well stated in section 1627, 2 Chamberlayne on Evidence, as follows:

"In judging as to whether any particular absence from the jurisdiction shall be regarded as furnishing an adequate administrative necessity for admitting

the evidence given at a former trial, a very important consideration is as to whether the proponent of the secondary evidence might reasonably have obviated all necessity for such proof by the simple expedient of taking the deposition of the witness.    *   *   *   Until convinced upon this point by direct intrinsic or cogent circumstantial evidence, the judge is justified in declining to receive proof of the testimony given on the previous occasion. The proof on these points should be complete and satisfactory. Indeed, certain courts have gone so far as to hold that the party against whom the evidence is offered is entitled to insist that the former evidence of an available witness should not be received.''

After discussing the relative value of a deposition and testimony given at a former trial, the author adds: ''All these marks of difference suggest the necessity, in the interests of justice, of more careful scrutiny in admitting the evidence of what a witness stated at a former trial.''

If, as urged by appellee, the right to receive such testimony was a mere matter of discretion for the trial judge, we should be compelled to hold that, under the circumstances here disclosed, it was abused. Where, in the exercise of a judicial discretion, recognized rules of procedure are so far ignored as to result in substantial injustice, it amounts to abuse thereof and constitutes error. The testimony of such witness was very important. It went to the very crux of the case, as to whether defendant's car ran into the deceased or the deceased into the car. His testimony so read tended more strongly than that of any other witness to show the former, and hence emphasized defendant's right to insist upon his attendance or deposition, with the attendant privilege of further cross-examination, unless a proper showing was clearly and satisfactorily made that neither could be procured. The value of that privilege is clearly demonstrated in the case at bar by the fact that the absent witness, in his affidavit produced on the motion for a new trial,

materially departs from the line of his former testimony upon this most important fact of the case.

The contention of appellee that a deposition cannot be taken of a non-resident witness unless he has some residence outside of this State is not tenable and not in accord with the ruling in *Gardner v. Meeker,* 169 Ill. 40.

It is unnecessary to consider other questions in the case, as, for the error pointed out, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*