THE GERMAN INSURANCE COMPANY *et al.*

*v.*

FREDERIC R. BARTLETT *et al.*

188   165
198   ²307

*Opinion filed December 20, 1900.*

1. EVIDENCE—*when husband's declaration of trust is admissible as against creditors.* In a creditors' bill proceeding to set aside a conveyance of real estate from husband to wife, a written declaration made by the husband before complainants' indebtedness was incurred, to the effect that he had used his wife's money in purchasing the property and that he held the title in trust for her, is admissible in favor of the wife, where the husband is dead and no motive for falsifying the facts appears.

2. HUSBAND AND WIFE—*husband may in good faith prefer wife as a creditor.* A husband may prefer his wife to his other creditors, provided the preference is based upon a valuable consideration and is made in good faith.

3. SAME—*when wife is not estopped to assert title as against husband's creditors.* A wife who secures the legal title to property, of which she was justly and equitably the owner, before her husband's creditors reduced their claims to judgments, is not estopped to assert title against such creditors because she did not record a certain declaration of trust when she obtained it from her husband and did not record her deed for some thirty days after receiving it, where the proof fails to show that she in any way misled them, or that she withheld her papers from record by reason of any agreement with her husband.

*German Ins. Co.* v. *Bartlett*, 89 Ill. App. 469, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Stephenson county; the Hon. JAMES S. BAUME, Judge, presiding.

The German Insurance Company of Freeport, Illinois, on March 19, 1896, recovered a judgment against Frederic Bartlett in the circuit court of Stephenson county for $5773.88, and the Farmers' and Merchants' Bank, of the same place, on March 24, 1896, recovered a judgment against Frederic and Frederic R. Bartlett, in the same court, for $4020.24. Executions were issued upon said judgments and delivered to the sheriff of said county, who

afterwards returned the same *nulla bona.* On August 3, 1896, the said insurance company and bank filed a creditor's bill in the circuit court of said county, against Frederic Bartlett, Isabella J. Bartlett and others, to subject to the payment of said judgments certain real and personal property situated in said county, the title of which was held by Isabella J. Bartlett, wife of Frederic Bartlett. On October 15, 1897, Frederic Bartlett died intestate, leaving him surviving Isabella J., his widow, and Frederic R. and Isabella H. Bartlett, his children and only heirs-at-law. On March 6, 1898, Isabella J. Bartlett died testate, willing all her property to her daughter, Isabella H. Bartlett, who was also made her executrix, and who afterwards qualified as such. Subsequently Frederic R. Bartlett, Isabella H. Bartlett, and Isabella H. Bartlett as executrix of the will of Isabella J. Bartlett, deceased, were substituted as parties defendant to said bill. The case was tried upon bill, answers, replications and the master's report, and a decree was entered holding said real estate to be the property of Isabella H. Bartlett and not subject to the payment of said judgments, and dismissing the bill of complaint as to Frederic R. Bartlett, and directing that the complainants pay one-half of the costs and Isabella H. Bartlett the other half. The complainants perfected an appeal to the Appellate Court for the Second District, where said decree was affirmed, and they have prosecuted an appeal to this court from such judgment of affirmance.

Isabella J. Bartlett (formerly Isabella J. Robinson) was the only child of Thomas and Margaret J. Robinson. On the second day of August, 1858, she married Frederic Bartlett, and they for a time lived with her parents in Freeport. On April 3, 1866, Margaret J. Robinson and Thomas Robinson conveyed to Isabella J. Bartlett lot 4 in block 1, in Guiteau's addition to Freeport, and on January 13, 1862, Denard Shockley conveyed to Isabella J. Bartlett the west half of lot 5 in block 1, in Guiteau's

addition to Freeport, and on April 30, 1860, Denard
Shockley conveyed to Frederic Bartlett the east half of
lot 5 in block 1, in Guiteau's addition to Freeport.   On
lot 4 there was located a brick dwelling house, which
Frederic and Isabella J. Bartlett occupied as their home-
stead for a number of years prior to November 8, 1880,
on which date Isabella J. Bartlett and Frederic Bartlett
sold and conveyed said lots 4 and 5 to Lehman A. Warner
for the expressed consideration of $5500, which was paid
in merchandise, and from the sale of which was after-
wards realized $7500 in cash.   On the 15th day of October,
1869, the Connecticut Mutual Life Insurance Company
issued a twenty-year endowment policy on the life of
Frederic Bartlett for $5000, for the use and benefit of
Isabella J. Bartlett, which policy provided that if the
insured should survive the term of twenty years said sum
should be paid to him; that said policy should not be as-
signed, but that the same might be surrendered to the
company and discharged at any time by Isabella J. Bart-
lett.   On October 9, 1888, the sum of $4740.25 was paid
to Isabella J. Bartlett and Frederic Bartlett in full for
the surrender of said policy.

On February 1, 1882, L. L. Munn and wife conveyed
to Frederic Bartlett lots 1, 2, 13 and 14 in block 2, in
Turner's addition to Freeport, for the consideration of
$4000.   In 1885-86 a commodious dwelling was erected
by Frederic Bartlett upon said lots 1, 2, 13 and 14, and
from the time of the completion thereof to the commence-
ment of this suit the same was occupied by Frederic
Bartlett and family as a homestead.   On January 16, 1896,
Frederic Bartlett and Isabella J. Bartlett, his wife, con-
veyed said homestead property to Frederic R. Bartlett,
their son, and on the same day Frederic R. Bartlett
conveyed the same to Isabella J. Bartlett, his mother, by
warranty deeds, which were filed for record February 10,
1896, and are the deeds sought to be set aside by com-
plainants as fraudulent.

On the 5th day of August, 1893, Frederic and Isabella J. Bartlett and George C. Fry had a conversation, in the presence of Frederic R. Bartlett, concerning the financial relations of Frederic and Isabella J. Bartlett, in which Frederic Bartlett stated that the money which bought and paid for the homestead above referred to belonged to Isabella J. Bartlett, and was derived from her parents and from a certain endowment policy of insurance on Frederic's life in which Isabella J. was the beneficiary. These statements showed that by agreement between Frederic and Isabella J. he invested said funds in said homestead and was to take title thereto in the name of his wife. At the same time Isabella J. stated to Fry that she had sent for him because she was worried, having learned for the first time that day that the title to the property where they lived was not in her name but in the name of her husband. The amount of her property so used was determined by her and her husband to be $12,500, and Frederic on that day executed to his wife a judgment note for that amount, also a written declaration of trust setting forth that he held said homestead in trust for her, which is as follows:

"STATE OF ILLINOIS, ⎰ *ss.*
*Stephenson County.* ⎱

"*To whom it may concern.*—I, the undersigned, Frederic Bartlett, of the city of Freeport, county of Stephenson, State of Illinois, do hereby declare and state that Isabella J. Bartlett, my wife, paid to me the sum of twelve thousand five hundred dollars ($12,500), as follows, to-wit: The sum of seven thousand five hundred dollars ($7500) paid to and received by me as proceeds of the sale of the homestead formerly occupied by us, situate on Prospect street, and sold to L. A. Warner in 1880, the title thereto standing in the name of and in fact belonging to my said wife, she deriving title thereto from Thomas Robinson, her father, who is now deceased. And the further sum of five thousand dollars ($5000) paid to me by Connecticut Mutual Insurance Company in or about the year 1885, under a policy therein, said policy having been taken out in my name in or about the year 1865, and then made payable to the order of said Isabella J. Bartlett. The said two sums of seventy-five

hundred dollars ($7500) and five thousand dollars ($5000) having been paid by my said wife, or for her account, to me upon the distinct understanding and agreement made between us that I should hold said money and invest the same in another homestead for her and for her own separate use and behoof, and that whenever I should take title to any premises so to be purchased and improved out of or from said money, it should and would be, and would be and become and belong, to said Isabella J. Bartlett for her own separate use and behoof, her heirs and assigns forever, and if such title should be taken in my name I would hold the same in trust for her.

"And I do hereby declare and state that I invested the said sum of twelve thousand five hundred dollars ($12,500) so received by me from my said wife, in and took title to the premises known as lots numbered one (1), two (2), thirteen (13) and fourteen (14) in block 2, in Turner's addition to the original town (now city) of Freeport, county of Stephenson and State of Illinois, in my individual name.   And I further declare and state that I now hold the title thereto and the improvements thereon in my individual name, solely and only as trustee, for the sole use and benefit of my said wife, Isabella J. Bartlett, her heirs and assigns forever, and not otherwise.

"In testimony whereof I have hereunto set my hand and seal this fifth day of August, eighteen hundred and ninety-three.

FREDERIC BARTLETT.   [Seal.]"

J. H. STEARNS, for appellants:

Where a bill sets up want of consideration and the answer sets up what the consideration was, if that consideration is not sufficient the allegation of the bill is proved. *Miller* v. *Payne*, 4 Ill. App. 112.

The burden of proof is on the party seeking to establish the trust, and he must prove that the alleged *cestui que trust* paid the purchase price. *Bank* v. *Beesley*, 159 Ill. 120; *Smith* v. *Smith*, 144 id. 299.

A paper in the form of a declaration of trust, but never recorded, is void as to creditors, and of no more effect than oral declarations of the alleged trustee. Rev. Stat. chap. 30, sec. 30.

It is not sufficient that, in one or more points of view, a declaration may be against interest, if it appears, up-

on the whole, that the interest of the declarant would be rather promoted than impaired by the declaration. 1 Greenleaf on Evidence, sec. 149; 1 Phillips on Evidence, (Banks Bros. ed. 1895) 335.

Declarations against interest are a species of evidence not favored by the courts, and the tendency is rather to restrict than to enlarge the right to receive them. *County of Mahaska* v. *Ingalls*, 16 Iowa, 81; 3 Smith's Leading Cases, (Edson's ed. 1889) 1628.

The court should be satisfied there was no probable motive to falsify the fact declared. 9 Am. & Eng. Ency. of Law, (2d ed.) 9.

Evidence of the husband's declarations is enough to establish a trust in her favor as against him and his personal representatives, though not as against his creditors. 2 Rice on Evidence, 989; 1 Phillips on Evidence, 321.

If there was really no transfer of the property or notes before the indebtedness was incurred, it is immaterial whether it is a mere voluntary settlement or founded upon a good consideration. In either case it would be void as to existing creditors. *Guffin* v. *Bank*, 74 Ill. 259.

Subsequent as well as prior creditors may assail a fraudulent claim. *Lowentrout* v. *Campbell*, 130 Ill. 503; *Morrill* v. *Kilner*, 113 id. 318.

The equitable title of the wife should not be clouded by acts on her part which would work an estoppel. *Benepe* v. *Meier*, 75 Ill. App. 561.

The wife's claim must be one which is to be enforced regardless of the fortune or misfortune of the husband. *Frank* v. *King*, 121 Ill. 250.

Oral agreements and payments, made before and after title taken, will not create a resulting trust unless the transaction is such that at the moment the title passes a trust results. *Stephenson* v. *McClintock*, 141 Ill. 604.

Withholding a paper from record for the purpose of giving a fictitious credit to another person is not fraud in law, but is strong evidence of fraud in fact. *Sternbach*

v. *Leopold,* 50 Ill. App. 476; *McNeill & Higgins Co.* v. *Plows & Co.* 83 id. 186; *Haas* v. *Sternbach,* 156 Ill. 44.

A wife having allowed her husband to contract debts upon the faith of his apparent ownership of property, cannot afterwards claim that property as against his other creditors. *Hockett* v. *Bailey,* 86 Ill. 74; *Lowentrout* v. *Campbell,* 130 id. 503; *Maddox* v. *Epler,* 48 Ill. App. 265.

M. STOSKOPF, and WILLIAM LATHROP, for appellees:

In respect to the separate property of the wife, the husband occupies, before the law, the same relation as does a stranger, and the wife possesses the same rights against her husband and others as if unmarried. *Patten* v. *Patten,* 75 Ill. 446; Rev. Stat. chap. 68, secs. 9, 10; *Tomlinson* v. *Matthews,* 98 Ill. 178.

A settlement made by a husband (though in failing circumstances) upon his wife, for a valuable consideration and without fraud, will be sustained as against existing creditors of the husband. But if the value of the property settled exceeds the value of the estate of the wife parted with, the settlement should be set aside as to the excess only and supported as to the residue. *Patrick* v. *Patrick,* 77 Ill. 555; 2 Kent, 174; *Payne* v. *Miller,* 103 Ill. 442; *Seeders* v. *Allen,* 98 id. 468; *Tomlinson* v. *Matthews,* id. 178; *Schuberth* v. *Schillo,* 177 id. 346.

A wife has a right to take security from her husband for a debt owing by him to her. Her rights are as much within the favor and protection of the law as those of any other creditor. *Hensley* v. *Hensley,* 65 Ill. App. 195.

Upon the purchase of land, where the title is taken in the name of one person and the consideration is given or paid by another, the person named in the conveyance will be trustee for the person from whom the consideration proceeds. Perry on Trusts, secs. 126, 127.

A conveyance under such circumstances to the wife, where the lien of creditors has not attached, will be maintained. *VanDorn* v. *Leeper,* 95 Ill. 35; *Voorheis* v. *Blanton,*

89 Fed. Rep. 885; *Benepe* v. *Meier*, 75 Ill. App. 560; *Seeders* v. *Allen*, 98 Ill. 468; *Garner* v. *Bank*, 151 U. S. 420; Beach on Contracts, sec. 1261.

The evidence is, that Frederic Bartlett paid for the lots in question with money belonging to the separate estate of his wife, Isabella J. Bartlett, and took the title to the premises, without her knowledge or consent, in his own name. Such being the fact, a resulting trust, or trust created by construction, implication or operation of law, arose in favor of said Isabella J. Bartlett. *Coates* v. *Woodworth*, 13 Ill. 654; Rev. Stat. chap. 59, sec. 9; *Franklin* v. *McEntyre*, 23 Ill. 91.

Declarations or statements of facts, made by persons since deceased, whether verbal or in writing, and whether they were made at the time of the fact declared or at a subsequent day, are admissible in evidence; but to render them admissible it must appear that the declarant is deceased, that he possessed competent knowledge of the facts and that it was his duty to know them, and that the declarations were at variance with his interest. Phillips on Evidence, (4th Am. ed.) 300, 339; 1 Greenleaf on Evidence, sec. 147; *Mahaska County* v. *Ingalls*, 16 Iowa, 81.

Mr. JUSTICE HAND delivered the opinion of the court:

*First*—Are the oral statements and written declarations made by Frederic Bartlett, mentioned in the statement of facts which precedes this opinion, competent evidence against the complainants, as tending to show that Isabella J. Bartlett was the *bona fide* owner of said homestead at the time of her death? We are of the opinion they are, and that they established, in connection with the other facts proven in this case, an existing indebtedness from Frederic Bartlett to Isabella J. Bartlett, and an intention that the same should be paid. They were made some months before the indebtedness to either the insurance company or the bank was contracted and without reference thereto, and could not, therefore, have

been made for the purpose of defrauding the complainants or either of them. The payment of such indebtedness was a good and valuable consideration for the transfer of said homestead from Frederic Bartlett to Isabella J. Bartlett, from whom Isabella H. takes title.

The ground upon which such evidence is received is thus stated by Mr. Greenleaf: "Declarations of the other class, of which we are now to speak, are *secondary* evidence, and are received only in consequence of the death of the person making them. This class embraces not only entries in books, but all other declarations or statements of facts, whether verbal or in writing, and whether they were made at the time of the fact declared or at a subsequent day. But to render them admissible it must appear that the declarant is deceased, that he possessed competent knowledge of the facts or that it was his duty to know them, and that the declarations were at variance with his interest. When these circumstances concur, the evidence is received, leaving its weight and value to be determined by other considerations." 1 Greenleaf on Evidence, sec. 147.

In the case of *County of Mahaska* v. *Ingalls*, 16 Iowa, 81, Judge Dillon, after an exhaustive review of the English and American authorities, reaches the conclusion that verbal declarations may be received in an action between third parties when accompanied by the following prerequisites: (1) The declarant must be dead; (2) the declaration must have been against the pecuniary interest of the declarant at the time it was made; (3) the declaration must be of a fact in relation to a matter concerning which the declarant was immediately and personally cognizable; and (4) the court should be satisfied that the declarant had no probable motive to falsify the fact declared.

In *VanBuskirk* v. *VanBuskirk*, 148 Ill. 9, on page 20, it is said: "We think, however, that there is a clear distinction between proof of the declarations of the grantee

to the effect that he holds the title for another or has agreed to convey to another, and his declarations or admissions to the effect that another person's money was paid for the land. Declarations of the latter class are entitled to more weight than those of the former class, especially when they are corroborated by circumstances and attended by proof of some previous arrangement under which the money was advanced."

In *Crane* v. *Wright*, 46 Ill. 107, which was an action by the wife to recover back money paid on a contract for the purchase of land which had been rescinded, we held that the declaration of the deceased husband that the money paid on the purchase belonged to his wife and that he wished the contract to inure to her benefit, was admissible in evidence on her behalf.

We see no reason, in principle, why the admission of the husband acknowledging an indebtedness to the wife, when all the other prerequisites concur, should not be received against the creditors of the husband. Like all such declarations, they are not conclusive, but may be proved to be untrue either by positive or circumstantial evidence.

*Second*—It appears from the evidence that Frederic Bartlett received the proceeds of the sale of the first homestead to Warner and the funds derived from the insurance policy; that in August, 1893, he agreed to re-pay to Isabella J. Bartlett the amount thereof, for which he gave her his promissory note; that on January 16, 1896, he conveyed to her the homestead then occupied by them, which on the 5th day of August, 1893, he had acknowledged in equity belonged to her; that it did not exceed in value the amount of said indebtedness, and that the title thereto was conveyed to her before the complainants recovered their judgments. Frederic Bartlett had the right to prefer his wife to his other creditors, provided the preference was based upon a valuable consideration and was made in good faith.

*Third*—Appellants contend that Isabella J. Bartlett was estopped from asserting title to said homestead as against their executions because she did not at once put the declaration of trust on record when she obtained it, in 1893, and because the deeds conveying the title to her were not recorded for a period of about thirty days after their execution. The proof fails to show that Isabella J. Bartlett in any way misled the complainants, or that said declaration of trust and deeds were withheld from record by reason of an agreement made by her with her husband. The complainants' equities are not superior to those of the wife. She succeeded in securing the title to the property, of which she was justly and equitably the owner, before they reduced their claims to judgments against her husband. She first reduced her equity to a legal basis, and, as was said in *Earl* v. *Earl,* 186 Ill. 370, we cannot assent to the view her right and title to the homestead property should be subordinated to said judgments.

The substantial truth of the statements made by Frederic Bartlett are not affected by some apparent discrepancies which appear in the evidence. From an examination of this record we fully concur in the opinion of the Appellate Court "that the court below was fully warranted by the proofs in finding that the conveyance of real estate from Frederic to Isabella J. Bartlett was made in good faith and for a valuable consideration, and that the title to the same was vested in the latter in her lifetime."

As the complainants succeeded only in part, we do not think the court erred in requiring them to pay one-half of the costs.

Appellee, Isabella H. Bartlett, having failed to assign cross-errors in this court, we are not called upon to review that part of the decree and judgment which affects only the personal property.

The judgment of the Appellate Court will therefore be affirmed.                    *Judgment affirmed.*