### Edward J. Eck v. H. M. Haydon et al.

1. HUSBAND AND WIFE—*how conveyance between, viewed where attacked by creditors.* Where a conveyance from husband to wife is sought to be set aside by the creditors of the former, courts of equity will closely scrutinize the transaction.

2. PREFERENCE—*right of husband to make, in favor of wife.* Where the contractual relation of debtor and creditor actually exists between husband and wife, the husband may for a valuable consideration and in good faith prefer his wife to his other creditors.

Bill in equity. Error to the Circuit Court of Moultrie county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

JOHN E. JENNINGS and JOHN G. FRIEDMEYER, for plaintiff in error.

R. M. PEADRO, for defendants in error.

MR. JUSTICE BAUME delivered the opinion of the court.

Plaintiff in error filed his bill in equity in the nature of a creditor's bill to remove an alleged fraudulent conveyance by defendant in error, H. M. Haydon, of certain real estate out of the way of an execution issued upon a judgment by confession for $880 in favor of plaintiff in error against said defendant in error. Upon the hearing in the Circuit Court of Moultrie county a decree was entered by the chancellor dismissing the bill for want of equity.

The judgment by confession in favor of plaintiff in error was recovered February 29, 1904, upon two notes executed May 6, 1903.

At the time said notes were given by defendant in error, H. M. Haydon, he was the owner in fee of the undivided one-half of lots 5 and 6, in block 17, of the original town plat of the city of Sullivan, except a strip thirty feet east and west by ten feet north and south out of the northeast corner of said lot 6, also lots 3 and 10 and ten feet off the west side of lots 2 and 11 in block 19 in Canfield's railroad addition to the city of Sullivan. The title to the other undivided one-half of said real estate was in defendant in error, Rosa A. Haydon, the wife of said H. M. Haydon.

H. M. Haydon and Rosa A. Haydon were married October 28, 1900, and the evidence introduced on behalf of defendants in error tends to show that at the time of her marriage, the said Rosa A. Haydon had $900 in cash and that on the day following her marriage she received from her brother as her share of the estate of her grandmother, together with interest thereon, the sum of $1,700. The evidence further tends to show that on October 29, 1900, said Rosa A. Haydon loaned to her husband the sum of $1,600, taking his note therefor; that thereafter she loaned to her husband at various times other sums of money amounting in the aggregate to $2,000, taking his note therefor; that the consideration for the undivided one-third of lots 5 and 6 in block 17, heretofore described, conveyed to Rosa A. Haydon and H. M. Haydon jointly, was paid by Rosa A. Haydon, and that the consideration of $600 paid for lots 3 and 10 and portion of lots 2 and 11 in block 19, heretofore described, and which were conveyed to them jointly, was furnished by Rosa A. Haydon.

November 18, 1903, H. M. Haydon and Rosa A., his wife, conveyed by warranty deed to B. B. Haydon, the father of H. M. Haydon, all of the real estate above described and here involved, for the expressed consideration of $2,000, and upon the same day the said B. B. Haydon conveyed said real estate to Rosa A. Haydon. The evidence in-

troduced on behalf of defendants in error tends to
show that upon the execution of the conveyance to her
of said real estate, the said Rosa A. Haydon surren-
dered to her husband the note for $2,000 she then held
against him. A portion of the real estate conveyed
was encumbered by a mortgage for $1,000, and the
evidence tends to show that the value of the undivided
one-half interest of H. M. Haydon in said real estate
was less than $2,000.

There is no direct evidence in the record contradict-
ing the positive evidence introduced on behalf of de-
fendants in error, relative to the transactions between
H. M. Haydon and his wife. The note for $1,600
above mentioned, alleged to have been given by H. M.
Haydon to his wife, October 29, 1900, was offered in
evidence, and so far as the record shows, its genuine-
ness as a note given at the time it purports to have
been, was not questioned.

The note for $2,000 alleged to have been surren-
dered by Rosa A. Haydon to her husband at the time
of the conveyance of the real estate to her, is said to
have been destroyed and was not, therefore, offered
in evidence, but both husband and wife testify that
such a note was given and surrendered. That the $600
paid for the lots in block 19, above described, was paid
by Rosa A. Haydon out of her individual funds, is
established by proof that she gave her check there-
for, which was paid, in the usual course of business, by
the bank out of moneys deposited in her name.

True, there are circumstances in evidence which in
some degree tend to contradict and impeach the testi-
mony of defendants in error relative to the receipt
and accumulation by Rosa A. Haydon of a portion of
the money which she claims to have loaned to her hus-
band, but after a careful examination of the record
we are not prepared to say they are of sufficient proba-
tive force to justify us in setting aside the findings
of the chancellor upon the merits of the case.

The intimate relation existing between a husband

and wife affords a cloak for fraud in their dealings with each other to the prejudice of third parties, which requires a court of equity to scrutinize with suspicion their conduct in that regard, and to demand that the good faith of their transactions be clearly established by the evidence.

Where, however, it appears that the contractual relation of debtor and creditor actually exists between husband and wife, the husband may, for a valuable consideration, and in good faith, prefer his wife to his other creditors. German Ins. Co. v. Bartlett, 188 Ill. 165.

The decree of the Circuit Court will be affirmed.

*Affirmed.*