Beatrice Frazier, Plaintiff-Appellant, v. Dan Burks and Clarence Cummings, Defendants, and Virgus Mosby, d/b/a Mosley's Lounge, and Theola Mosby, Defendants-Appellees.

Gen. No. 52,568.

First District, First Division.

April 15, 1968.

Rehearing denied June 12, 1968.

Heller and Morris, and Jerome H. Torshen, of Chicago, for appellant.

Elijah B. Kelley, of Chicago, for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

In a four-count complaint, plaintiff sought recovery for personal injuries received in an automobile collision, allegedly caused by a drunken driver, defendant Clarence

Cummings. Count I was based on the Dram Shop Act (Ill Rev Stats, c 43, ¶ 135) and was directed solely against defendants Mosby, tavern owners. At the close of plaintiff's evidence, the trial court directed a verdict in favor of the Mosbys stating, "The record is totally devoid of any evidence of consumption of the half-pint of whiskey the defendant Mrs. Mosby, testified she sold to the alleged intoxicated person."

Plaintiff appeals on the theory that Cummings was unavailable at the time of the trial, and the trial court improperly refused to admit in evidence, on behalf of plaintiff and against the Mosbys, an alleged written declaration against interest made by Cummings three days after the occurrence. Plaintiff asserts that the "admission of the declaration against interest clearly would have brought before the trial court sufficient evidence to compel this cause to be submitted to a jury."

Plaintiff's evidence shows that on the afternoon of Saturday, June 3, 1961, plaintiff was a passenger in a northbound car on Wentworth Avenue at 48th Place in Chicago, and defendant Cummings was driving his car south on Wentworth. The Cummings' car struck another southbound car in the rear, bounced off it and entered the northbound lane, where it collided head on with plaintiff's car, and plaintiff was injured.

Defendant Burks, the driver of the other southbound car, testified that after the occurrence he noticed that Cummings had bloodshot eyes, was staggering around and had an odor of alcohol.

Defendant Theola Mosby, called as an adverse witness, testified that Cummings was a "regular customer" at the Mosbys' tavern. On the day of the occurrence, at 12:45 p. m., Cummings entered the tavern and purchased a half-pint of Scotch Whiskey and left, and did not return.

Defendant Cummings was not present at the trial, and plaintiff sought to introduce into evidence a written statement made by Cummings. Plaintiff's witness Irving

Schaffner testified that he took the statement from Cummings in his home and in the presence of Mrs. Cummings. He had them both read it, and they both signed it in his presence. The court ruled that the statement was not admissible in evidence against the Mosbys. The document was read into the record as part of an offer of proof and includes the following:

> "On Saturday, June 3, 1961, about 1:00 p. m. I left my apartment and drove my 1959 Buick Sedan over to Mosley's Lounge located at 4425 South Wells Street. I was alone and after I walked into the tavern I met Isiah Banks, Walter Banks and a fellow named Wolf. We sat down in the first booth from the front door and we ordered a couple of half pints of Ballentine Scotch. We sat there drinking and talking for awhile. A little after 7 P. M. I figured I had plenty to drink and decided to get home. I managed to get into my car and my head was spinning. I vague[ly] remember driving south on Wentworth Avenue, and suddenly there was a car ahead of me. The next thing I remembered was loud crashing noises. Later a policeman told me that I had hit two cars. He asked me if I had been drinking liquor and I told him that I had and where I drank it at.
>
> "I have read the above statements on June 6, 1961 at 7 P. M. in my apartment in the presence of my wife and believe them all to be true.
>
> "By: Clarence Cummings.
>
> "Witness: Mattie Cummings."

Later, another witness for plaintiff, Julian Burkman, testified in detail as to his attempt to serve a subpoena on defendant Cummings during the week previous to the trial, and that he had not been able to find Cummings.

The court again denied plaintiff's motion to admit the statement and stated, "It is the court's judgment, that

the statement may be admitted as to the defendant Cummings as an admission against interest. It would be error to admit it generally, and thereby bind the dramshop defendants, Mr. and Mrs. Mosby." The court then sustained the defendants Mosbys' motion for a directed verdict on the ground that there was no evidence of consumption of the liquor admittedly sold to Cummings.

On appeal, the defendants Mosbys contend that the statement of Cummings was inadmissible as evidence against them because their alleged liabilities were not joint, and they were not master and servant or principal and agent, and an admission or declaration made by a defendant, out of the presence of the codefendant, is not admissible against the codefendant. Authorities cited include Pellico v. Jackson, 70 Ill App2d 313, 217 NE2d 281 (1966) ; 18 ILP, Evidence, § 152. We have examined defendants' authorities and do not consider them to be in point in this case.

The authorities on the admissibility of declarations against interest made by third persons indicate that such declarations are admissible in evidence where the declarant is unavailable and not in privity with the party against whom the declaration is sought to be used.

In 29 Am Jur, § 617, it is said (p 670) :

"C. DECLARATIONS AGAINST INTEREST

". . .

"An important exception to the hearsay rule renders admissible in evidence relevant declarations against interest by one not a party nor in privity with a party to the action, where the declarant has since died or is not available as a witness, even though there is no opportunity to confront the declarant or to cross-examine him. The theory under which declarations against interest are received in evidence is that the necessity of the occasion renders the reception of such evidence advisable, and further,

that the reliability of such declarations is generally to be depended upon, since a person does not ordinarily assert facts which are against his own interest. A declaration against interest is admissible as an entirety, including parts not against interest, if the latter are substantially connected with the same subject matter as that covered by the part against interest. The reason why this is so is that the portion which is trustworthy, because against interest, imparts credit to the whole declaration."

In 31A CJS, Evidence § 217, it is said (p 600):

"In general.

"As an exception to the hearsay rule, declarations against interest are admissible under certain conditions, and may be admissible as proof both of facts directly asserted and of facts incidental thereto and within the scope of the declaration."

At page 602:

"Such evidence is competent and admissible even though declarant is not a party, or in privity with a party, to the action or proceeding. The statement to be admissible as a declaration against interest need not be made to a person adverse to declarant. It may also be made to one united in interest or to a neutral party.

"While it has been stated that this class of evidence is not favorably regarded, the objection thereto concerns its weight rather than its competency."

Authorities in Illinois include 18 ILP, § 114, p 253:

"Declarations Against Interest

". . .

"A declaration which is contrary to the interests of the declarant is ordinarily admissible if the declarant

is unavailable as a witness, on the theory that he would not have made the statement unless it was true. The fundamental distinction between a declaration against interest and an admission is the fact that with respect to the former, the declarant must be unavailable as a witness."

Cleary, Handbook of Illinois Evidence, § 17.22 (2nd ed, 1963) states the rule and its rationale:

"The assumption that people do not make false statements against their own interests furnishes the basis for admitting declarations against interest by third persons, as an exception to the Hearsay Rule.

"The requirements for this exception are: (1) the declarant is unavailable; (2) the declaration was against his pecuniary interest when made; (3) the declarant had competent knowledge of the fact declared; and (4) the declarant had no probable motive to falsify."

See, also, Levy v. American Automobile Ins. Co., 31 Ill App2d 157, 164, 175 NE2d 607 (1961); Sidwell v. Sidwell, 75 Ill App2d 133, 140, 220 NE2d 479 (1966).

Examining the Cummings' statement in the light of the foregoing authorities, we believe it met the four requirements set forth by Cleary, and it was admissible in evidence on behalf of plaintiff and against the defendants Mosbys.

For the reasons given, the judgment in favor of the defendants, Virgus Mosby and Theola Mosby, is reversed and the cause is remanded for a new trial, with directions to proceed in accordance with the views expressed herein.

Reversed and remanded with directions.

BURMAN, P. J. and ADESKO, J., concur.