William Swearinger, a Minor, by Raymond C. Swearinger, His Father and Next Friend, Plaintiff-Appellee, v. Isabella P. Klinger, Defendant-Appellant.

Gen. No. 66–84.

Third District.

January 25, 1968.

John A. Slevin, Thomas E. Schlehuber, and Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellant.

Thomas V. Cassidy and Sidney D. Davidson, of Peoria, for appellee.

STOUDER, P. J.

This action was commenced by Raymond Swearinger, father and next friend of William Swearinger, a minor,

Plaintiff-Appellee, for personal injuries resulting from the alleged negligent operation of an automobile by Isabella Klinger, Defendant-Appellant. Judgment on a $20,000 verdict was entered by the Circuit Court of Peoria County in favor of the Plaintiff. No questions are raised on the pleadings.

This cause of action is the result of a collision between an automobile operated by Donna Swearinger and another automobile operated by Isabella Klinger. Appellee, then age 4 years, was a passenger in the Swearinger car. The collision occurred at an intersection controlled by traffic lights. Several witnesses testified in behalf of each party concerning the conduct of the drivers at the intersection.

Defendant contends on this appeal that the trial court improperly denied her motion for a new trial because first, the trial court improperly refused to admit competent evidence and second, the amount of the jury's verdict was excessive.

Donna Swearinger, operator of the automobile in which William her son, Plaintiff, was a passenger, was not a party to the action and did not testify. According to the testimony of her husband, Donna Swearinger, on the day of the trial, was at home caring for a son who had the measles. During the trial the Defendant attempted to testify to certain statements made by Donna Swearinger after the collision. Upon objection to such testimony by Plaintiff an offer of proof was made outside the presence of the jury. Defendant in her offer of proof, testified, that immediately after the collision she went to the automobile operated by Donna Swearinger and had a conversation with her, inquiring first about the children in the car. According to Defendant, Donna Swearinger stated "I couldn't stop for the light." The offer of proof was refused by the trial court and Defendant's testimony concerning such statement was not presented to the jury. Again during the testimony of Police Officer Short who investigated the collision, an effort was made to elicit

from the witness an oral statement purportedly made to him by Donna Swearinger. Objection was made to the question designed to elicit such statement and again an offer of proof was made outside the presence of the jury. The offer of proof referred to a conversation which took place in a nearby filling station from 5 to 15 minutes after the collision and Officer Short stated that in response to a question by him as to what had happened Donna Swearinger answered, "I guess I run the red light." This offer of proof was also refused by the court.

██ Defendant contends that the testimony of the Defendant and Police Officer concerning the oral statements made by Donna Swearinger is competent as an exclusion to the hearsay rule because such statements of Donna Swearinger were a part of the res gestae or were declarations against interest. There is no question but that the statements of Donna Swearinger are hearsay and therefore inadmissible, unless they come within some recognized exception to the hearsay rule. Under certain conditions a spontaneous declaration or an excited utterance may be properly admissible as an exception to the hearsay rule. The factors necessary to bring a statement within this exception are an occurrence sufficiently startling to produce a spontaneous and unreflecting statement, absence of time to fabricate, and the statement must relate to the circumstances of the occurrence. People v. Poland, 22 Ill2d 175, 174 NE2d 804. An unspontaneous narrative or recital of a past event does not come within this exception. Darling v. Charleston Community Memorial Hospital, 50 Ill App2d 253, 200 NE2d 149.

██ In applying the foregoing, we believe the trial court properly excluded the purported statements of Donna Swearinger since they were not spontaneous utterances. In both instances the statement ascribed to Donna Swearinger was elicited during conversations with her. In Johnson v. Swords Co., 286 Ill App 377, 3 NE2d 705, the statements which were held properly excluded by the

trial court took place after a boy injured in front of his house had been moved to the lawn area. In Peterson v. Cochran & McCluer Co., 308 Ill App 348, 31 NE2d 825, the court held the statement of the Plaintiff properly excluded when made to a witness one-half minute after the occurrence in response to an inquiry by the witness as to what had happened. Nor do we consider that the purported statement of Donna Swearinger might be deemed against her interest has a bearing upon the spontaneity of her statement.

■■ Defendant also argues that such statements are admissible as being declarations against interest relying on German Insurance Co. v. Bartlett, 188 Ill 165, 58 NE 1075. One of the conditions necessary for a declaration against interest to be admissible as an exclusion to the hearsay rule is that the declarant must be unavailable to testify. As stated in German Ins. Co. v. Bartlett, supra, this usually means that the declarant is deceased. In Levy v. American Automobile Ins. Co., 31 Ill App2d 157, 175 NE2d 607, the court reaffirmed the rule that the declarant must be unavailable before the statement against interest of such declarant can be admitted as evidence. We do not believe that Donna Swearinger was unavailable in any legal sense merely because it might be deemed that she had an adverse interest to that of the Defendant or that she was not in the court during the trial in the absence of any showing in the record that Defendant made any effort to secure and present her testimony.

■■ Defendant's last assignment of error is that the verdict and judgment for $20,000 is excessive as a matter of law. There is no precise rule by which an award of damages can be fixed in an action for personal injuries because such compensation does not lend itself to mathematical computation. Barango v. Hedstrom Coal Co., 12 Ill App2d 118, 138 NE2d 829. This is particularly true

when the person sustaining the injury is a child since the range of future consequences is necessarily far-reaching. The goal of an award for damages is fair and reasonable compensation. Such determination is peculiarly within the province of the jury or the trier of the facts. Unless such determination is based on error or motivated by passion or prejudice it should not be disturbed. We believe that the verdict and judgment are amply supported by the evidence.

█ Without detailing the medical evidence we believe that it can be said that William, the minor, exhibits no particular outward appearance of ill health. The principal area of controversy on the issue of damages was raised by disputed interpretations of EEG examinations. We believe that the jury could have concluded properly that there was a brain injury resulting from the collision which caused epileptic-type activity. Although the condition was controllable by medication and recovery might be expected within 4 to 6 years such condition might also be permanent.

Judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY, P. J. and SCHEINEMAN, J., concur.