Roy M. Jones, a Minor, by Virdine Wesley, his mother and next friend, Plaintiff-Appellee, *v.* Irene B. DeWig *et al.*, Defendants-Appellants— (Walter Popek, Defendant.)

(No. 59604; )

First District (5th Division)—December 27, 1974.

Mathew K. Szygowski, of Chicago (Bianco & Szygowski, of counsel), for appellants.

David Alswang, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff filed a two-count complaint in this case. Count I alleged that he received personal injuries when he was shot by Walter Popek, and Count II alleged facts showing that appellants were liable pursuant to the Dram Shop Act (Ill. Rev. Stat. 1963, ch. 43, par. 135). At the close of all the evidence, the court directed verdicts in plaintiff's favor on the issues of liability and submitted the questions of damages to the jury. Verdicts were then returned against Popek on Count I and against appellants on Count II, and judgments were entered accordingly. Only defendants Irene and Donald DeWig and Francis Wondriska appeal from the judgment entered against them.

Appellants contend that the trial court erred in (1) admitting into evidence Walter Popek's hearsay statement or at least in admitting it against them; (2) permitting hearsay hospital records and doctor's reports to be read to the jury; (3) permitting prejudicial reference to be made to insurance; (4) limiting the scope of cross-examination; and (5) entering judgment in excess of the statutory maximum.

Plaintiff cross-appeals from denial of his motion for costs and attorney's fees pursuant to section 41 of the Civil Practice Act. Ill. Rev. Stat. 1971, ch. 110, par. 41.

The following pertinent evidence was adduced at trial:

*Jose Vasquez*

He is Walter Popek's attorney, but was unable to locate him for the instant proceedings. He was present when his client, prior to a hearing on criminal charges arising out of the same facts as the instant case and knowing that intoxication was a matter to be used in mitigation of those criminal charges, made a statement under oath admitting his intoxication and naming the tavern at which he had been drinking.

*Angela Hensler*

She is the court reporter who took Popek's statement. Over the objection of appellants she was permitted to read that statement.

Popek stated that he went to Don and Irene's Tap at about 9 P.M. on October 18, 1963. While he was there he drank 6 or 8 small beers. He purchased a half-pint of whiskey before leaving at about 9:45 P.M. He went home and drank part of the half-pint. He was intoxicated. Later, he drove to Cermak and Central Park where he saw some boys who had previously thrown rocks at him. He parked his car and got out, taking his shotgun with him. Although he could not figure out why, everyone started to run. He stated:

"I figured if I catch one I got one in the car, I got the gun, got

out and I told him to stop and one guy on the end was standing against the building and I started across the street toward him and I got to the curb and I pointed the gun at him and I told him if he was going to run, to run now, and he was standing there and he said something to me and I asked him are you one of the guys and he said no, I'm not and I said where are they at and he said around the corner and he started up the curb and the gun went off once and I started walking around the car and he said if you know what's good for you you'll put it away and I started walking back and I was talking to him and that's all I remember."

*Roy M. Jones on his own behalf*

On the evening of October 18, 1963, as he approached the intersection of Cermak and Central Park near Farragut High School, he saw Popek park his automobile and get out. He heard him yelling obscenities at some boys. Popek was carrying a shotgun and appeared to be intoxicated. He put the shotgun to one boy's head and said something which Jones could not hear. Jones and the other boys in the area started to run. He heard a shotgun blast and fell to the ground feeling intense pain in his back.

OPINION

## I.

■■ Appellants first contend that the trial court erred in admitting into evidence Walter Popek's hearsay statement or at least in admitting it against them. While Popek's statement is hearsay, it is admissible against Popek because it falls within the admissions exception to the hearsay rule. A statement of a party to an action which tends to establish or disprove any material fact is admissible against him. *Felker v. Bartelme*, 124 Ill.App.2d 43, 260 N.E.2d 74; *Korleski v. Needham*, 77 Ill.App.2d 328, 222 N.E.2d 334.

■■ However, because the statement is admissible against Popek does not necessarily mean that it is also admissible against the appellants. At trial, plaintiff offered this statement, which was the only evidence linking Popek to the appellants, as a declaration against interest. In Illinois, a declaration against interest is an exception to the hearsay rule. Four requirements must be satisfied for a statement to qualify for this exception: (1) the declarant must be unavailable; (2) the declaration must be against the declarant's pecuniary interest; (3) the declarant must have competent knowledge of the facts declared; and (4) the declarant must have no probable motive to falsify the facts declared. (*German Insurance Co. v. Bartlett*, 188 Ill. 165, 58 N.E. 1075.) *In Naylor v. Gronkowski*, 9 Ill.App.3d 302, 292 N.E.2d 227, the court determined that a statement

made during prior criminal proceedings by the perpetrator of the crime which was the basis of the civil suit was inadmissible as a declaration against interest. In a specially concurring opinion in *Naylor*, Mr. Justice Stamos stated at page 309:

> "In addition, Spagnola's prior testimony may have been a deliberate fabrication for purposes of establishing the defense of intoxication in his criminal trial for the offense of murder. I express no opinion as to whether such was his intent, but merely observe that there existed a probable motive to falsify the facts declared."

■■ In the instant case, we do not believe the fourth requirement of the declaration against interest exception to the hearsay rule was satisfied. Here declarant had a probable motive to falsify the facts declared. Popek's statement, like Spagnola's statement in *Naylor*, was made under the pressure of pending criminal proceedings. Both statements were made with a view toward establishing intoxication as a defense or as mitigation in those criminal proceedings. In these circumstances, Popek had a probable motive to falsify his statement. Therefore, the statement does not qualify as a declaration against interest and the trial court erred in admitting the statement against appellants. Since no other evidence was presented at trial linking Popek to the appellants, plaintiff did not establish their liability, and the judgment against Irene and Donald DeWig and Francis Wondriska must be reversed. In the light of this holding, we need not consider appellants' other contentions.

## II.

■■ Plaintiff, on his cross-appeal, contends that the trial court erred in denying his motion for costs and attorney's fees under section 41 of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110, par. 41.) He argues that defendants did not deny his allegations in good faith. Having examined the record, we do not concur in plaintiff's view.

The judgment of the circuit court is reversed; and the denial of plaintiff's motion for attorney's fees and costs is affirmed.

Affirmed in part; reversed in part.

SULLIVAN, P. J., and DRUCKER, J., concur.