THE PEOPLE *ex rel.* THOMAS J. FAHEY, Plaintiff-Appellee, *v.* ONE 1976 MONTE CARLO, SERIAL #1H57V6B463328, Defendant-Appellant.

Fourth District   No. 15550

Opinion filed March 18, 1980.

Randy Coats, of Chicago, *pro se*, and McClory, Kirk & Wolgamot, of Danville (John R. McClory, of counsel), for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Thomas R. Lamont and Donald H. Hays, both of State's Attorneys Appellate Service Commission, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

On March 16, 1979, following a bench trial, the circuit court of Vermilion County entered an order declaring that the automobile of respondent Randy Coats be forfeited pursuant to section 36—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 36—1). The court found that in violation of that provision the car was used, with Coats'

knowledge, in commission of the offenses of possession of both a controlled substance and over 30 grams of cannabis. On appeal Coats contends that the court erred in admitting into evidence, over his objection, the written statement of Godfryd E. Miloch, identified as having been a passenger in Coats' car.

At trial police officers testified that on July 22, 1978, they found a paper bag just outside of the motel rooms occupied by respondent and the passengers he had driven from Chicago to Hoopeston. The paper bag contained several smaller bags filled with cannabis and controlled substances. Coats testified that although the paper bag belonged to Miloch, he was unaware of the bag's contents at any time he may have transported it. Coats stated that as far as he knew the only drug being transported in his car was "a very small quantity" of cannabis which Miloch possessed.

In addition to the testimony, the trial court admitted into evidence plaintiff's exhibits 1 and 2, which are written statements of Miloch and Coats respectively. Miloch's statement, admitted over objection, alleged that the bag of drugs belonged to Coats and that Coats was aware of the bag's contents at the time he transported it.

Coats' admissions, both in court and in his written statement, acknowledged no more than his knowledge that Miloch possessed a very small quantity of marijuana. Therefore, only Miloch's written statement supports the trial court finding that Coats knew his car was transporting either a controlled substance or marijuana in excess of 30 grams. Over objection the trial court admitted Miloch's written statement, ruling that it was a hearsay exception as an "admission against interest." In *Jones v. DeWig* (1974), 25 Ill. App. 3d 423, 323 N.E.2d 475, the court ruled that an admission against interest was admissible as an exception to the hearsay rule only if the following four conditions are met:

(1) The declarant is shown to be unavailable (but see *People v. Craven* (1973), 54 Ill. 2d 419, 426-29, 299 N.E.2d 1, 5-6, in which it is recognized that the nature of the unavailability may render the statement so unreliable that the fourth requirement is not satisfied).

(2) The declaration is against a substantial interest of the declarant.

(3) The declarant is shown to have had competent knowledge of the facts.

(4) The declarant is not shown to have a probable motive to falsify. (Under *Craven* it would also be necessary that the witness relating the declarant's statement not be shown to have a probable motive to falsify.)

In *Jones* the plaintiff sought damages for personal injury from both an assailant who shot him and from a tavern operator who allegedly

sold intoxicants to the assailant in violation of the Dramshop Act. The appellate court ruled that although the assailant's statement that he had gotten drunk in the tavern was admissible against the assailant, as a declaration by a party opponent, it was not admissible against the tavern operator, as an admission against interest, because there was a probable motive for the assailant to falsify the statement. Since he had made the admission in previous criminal proceedings, he had an incentive to claim intoxication as a defense to the criminal charge. Thus the *Jones* court recognized that the statement may not have been against interest at the time it was made. See also *Naylor v. Gronkowski* (1972), 9 Ill. App. 3d 302, 292 N.E.2d 227 (Stamos, P. J., specially concurring).

■■ In the case at bar, even assuming the other conditions are met, it cannot be said that Miloch's statement was perceived by him to be against his interest at the time he made it. Miloch's statement was an attempt to evade criminal responsibility by denying his own ownership in the bag of drugs which he claimed belonged to Coats. The statement was against his interest only to the extent that he might be liable under an accountability theory, and it is unlikely that he understood even this incriminating aspect of what was otherwise a very exculpatory statement. Because of this Miloch had a probable motive to falsify his statement, and it was error for the trial court to admit it.

■■ The State contends that even if it were error to admit the statement the trial court finding should not be reversed because in a bench trial it will be presumed that the trial court considered only competent evidence. On this point the State cites *Reese v. Melahn* (1973), 53 Ill. 2d 508, 292 N.E.2d 375, and *McFail v. Braden* (1960), 19 Ill. 2d 108, 166 N.E.2d 46, but in those cases, unlike the case at bar, no objection was made to the introduction of the incompetent evidence. In this case, an objection was made, and the improperly admitted evidence was the only basis upon which the trial court could have made its finding; the improperly admitted evidence was obviously considered. In such a case reversal is required. *Owen v. Pret' A Porter Boutique, Inc.* (1973), 15 Ill. App. 3d 438, 302 N.E.2d 672.

As the error was in the admission of evidence, a new trial is required. Although the improperly admitted evidence was the only evidence establishing a necessary element of the proof, the State might have introduced other evidence on the point, had the objection to the evidence been sustained. Accordingly, we both reverse and remand the case to the circuit court of Vermilion County for a new trial.

Reversed and remanded.

MILLS, P. J., and TRAPP, J., concur.