*In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEAR 1981 (AND PRIOR YEARS) (Helen Longshore, Plaintiff-Appellee and Cross-Appellant; Michael R. Koch *et al.*, Defendants-Appellants and Cross-Appellees).

Second District   Nos. 2—87—0780, 2—87—0835 cons.

Opinion filed November 1, 1988.—Rehearing denied December 8, 1988.

Michael R. Koch and Michelle S. Koch, both of Rockford, and Ronald Koch, of Rockton, for appellants *pro se.*

Mark A. Rouleau, of Crosby & Lambert, of Rockford, for appellee.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Defendants, Michael, Michelle, and Ronald Koch, appealed from a judgment of the circuit court of Winnebago County granting plaintiff, Helen Longshore, a tax deed to their home (No. 2—87—0780). Plaintiff cross-appealed from an order of the circuit court denying her request for attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) (No. 2—87—0835). The two appeals were consolidated on September 18, 1987. On December 1, 1987, defendants' attorney, Louis C. Bowman, was granted leave to withdraw as counsel and on January 29, 1988, the appeal of defendants was dismissed for failure "to file the record on appeal or certificate in lieu thereof, together with brief of Appellant." On February 18, 1988, on plaintiff's motion, this court reinstated plaintiff's cross-appeal and took with the case plaintiff's motion for attorney fees on appeal and Mr. Bowman's response to that motion.

We first address the issue raised by the cross-appeal. Plaintiff contends that the trial court erred in denying her motion for attorney fees and costs pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) "merely because [plaintiff] obtained significant financial gain based upon the judgment in said suit."

Plaintiff's request for attorney fees was contained in her "Motion for Entry of Order" filed June 3, 1987, which stated in part:

"(7) That the Defendants have refused to approve the draft judgment order with intent to harass or to cause unnecessary delay, or needlessly increase the cost of litigation.

(8) That Ch. 110, par. 2—611 provides for imposition of attorneys' fees in such situations.

WHEREFORE, the Plaintiff prays that this Court enter the judgment herein and award the Plaintiff attorneys' fees for the presentation of this motion."

At the hearing on this motion, the trial court declined to enter the judgment order prepared by plaintiff, entering instead a judgment order prepared by defendants. At the conclusion of the hearing, the request for attorney fees was considered:

"MR. ROULEAU [counsel for plaintiff]: There are other issues raised by the Motion for the Entry of the Order that we requested—attorney's fees due to the delay in the response to the motion.

THE COURT: You're getting a $90,000 house for 12,000 bucks—

MR. ROULEAU: (Interjecting) Well, she's paying attorney's fees, too; it's costing her more every time it comes into court.

THE COURT: I understand that there are certain points Mr. Bowman [counsel for defendants] made in his argument which the law does sustain, so the Motion for Attorney's Fees is heard and denied."

Plaintiff filed her notice of cross-appeal on August 25, 1987. On August 27, 1987, plaintiff filed a "Motion to Reconsider Order Denying Motion for Fees and Expenses Under Section 2—611 of the Civil Practice Act." In this motion plaintiff sought attorney fees on the basis that defendants "made allegations and denials without reasonable cause which were found to be untrue" in various pleadings.

■ Plaintiff argues on cross-appeal that she should have been granted attorney fees because of untrue allegations and denials made by defendants without reasonable cause in various pleadings. Plaintiff argued this issue in her motion to reconsider the denial of attorney fees. However, that motion was filed after plaintiff had filed her notice of cross-appeal from the order denying attorney fees, a time when the trial court no longer had jurisdiction to reconsider the order denying attorney fees. (See *In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049, 1052-53, 430 N.E.2d 569, 572.) The motion to reconsider the denial of attorney fees is therefore of no significance to our review of the trial court's order denying attorney fees.

■ Since the motion to reconsider the order denying attorney fees must be ignored, the only argument presented to the trial court regarding attorney fees concerned defendants' refusal to approve the draft judgment order, an issue not raised on appeal. The issue raised on appeal was not raised in the trial court and has accordingly been waived. (*Buckley v. Cronkhite* (1979), 74 Ill. App. 3d 487, 494, 393 N.E.2d 60, 66 ("An issue or theory not presented or considered by the trial court cannot be raised for the first time on review. [Citations.]").) The judgment of the circuit court denying attorney fees will therefore be affirmed.

We also note that plaintiff's argument on cross-appeal somewhat distorts the record regarding the reason the trial court denied the request for attorney fees. Plaintiff argues in her brief:

"However, it is not a proper exercise of the Court's discretion to deny attorneys fees to a party litigant without further hearing or determination of the underlying facts merely because: 'The moving party was "getting a $90,000 house for 12,000 bucks"—' as the Court stated."

The record shows that the trial court made this statement, but does

not indicate that the court denied attorney fees on this basis. Rather, attorney fees were denied because "there are certain points Mr. Bowman [counsel for defendants] made in his argument which the law does sustain." Since the issue raised on appeal was waived, we need not decide whether this was a sufficient basis on which to deny plaintiff's request for fees. We simply note that this, and not the court's statement regarding plaintiff's getting a $90,000 house for $12,000, was the reason the trial court denied attorney fees.

■ We next consider plaintiff's motion for attorney fees on appeal. The basis on which she claims entitlement to an award of attorney fees is her claim that defendants' appeal was a needless extension of a baseless defense of the action brought by plaintiff. (See *Aroonsakul v. Flanagan* (1987), 155 Ill. App. 3d 223, 229-30, 507 N.E.2d 1, 5-6; *Manchester Insurance & Indemnity Co. v. Strom* (1970), 122 Ill. App. 2d 183, 190, 258 N.E.2d 150, 153.) A necessary predicate to an award of attorney fees under this theory is that the defense to the action in the trial court has been baseless. This question of whether the defense in the trial court was baseless is essentially the issue plaintiff waived by failing to raise it in her trial court request for fees. We decline to award attorney fees on appeal on the ground that defendants' appeal was a needless extension of a baseless defense when plaintiff waived the issue of whether the defense was baseless in her request for attorney fees in the trial court. Plaintiff's motion for attorney fees on appeal is denied.

■ In his "Response to Appellees Motion to Strike Appeal, Award Attorneys Fees and to Allow Cross-Appellant to File Record and for Affirmative Relief," Mr. Bowman also requests attorney fees and costs. This request, which was made in a conclusory sentence and was unsupported by factual allegations sufficient to warrant the relief requested, is also denied.

The judgment of the circuit court of Winnebago County is affirmed. Plaintiff's motion for attorney fees on appeal is denied. Mr. Bowman's motion for attorney fees and costs is denied.

Affirmed.

INGLIS and UNVERZAGT, JJ., concur.